IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELE CHOATE, individually and )
on behalf of the heirs and estate of )
Deanne Choate, )
                                                   Plaintiff, )
)
      v. )     Case No. 16-2118-JWL
)
CITY OF GARDNER, KANSAS; )
ROBERT HUFF; JUSTIN MOHNEY; and )
JEFF BRENEMAN, )
)
                                           Defendants. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendants' motion to dismiss (Doc. # 5). For the reasons set forth below, the motion is **granted in part and denied in part**. The motion is granted with respect to plaintiff's claims against the officer defendants in their official capacity and with respect to any excessive force claim based on a violation of the Fifth, Eighth, or Fourteenth Amendment, and those claims are hereby dismissed. The motion is also granted on the basis that plaintiff has not sufficiently pleaded which defendants are implicated for each claim or alleged violation, although plaintiff is granted leave to amend her complaint to cure that deficiency. The motion is otherwise denied.

### I. **Background**

The following facts are taken from plaintiff's complaint. On March 26, 2015, police officers employed by the City of Gardner, Kansas, responded to a 911 call reporting that decedent Deanne Choate was at her home, intoxicated, with a gun, and possibly suicidal. Officers found decedent sleeping naked in her bed. The officers woke decedent, who appeared intoxicated, and they spoke to her for a period of eight minutes, during which time they repeatedly asked her about the location of the gun. Decedent was not verbally abusive or threatening toward the officers, nor did she move in a threatening way. The officers did not make any effort to restrain or remove decedent. Eventually, decedent produced a handgun, stating, "Oh, here it is." The officers then shot and killed decedent.

Plaintiff, decedent's daughter, now asserts claims, on her own behalf and on behalf of decedent's heirs and estate, against the City of Gardner and against three police officers in their individual and official capacities. Plaintiff asserts claims under 42 U.S.C. § 1983, based on the officers' alleged use of excessive force and their alleged failure to provide medical attention to decedent. Plaintiff asserts claims against the City under Section 1983 based on an alleged policy or custom and an alleged failure to train. Plaintiff also asserts a wrongful death claim under Kansas law.

## II.   Governing Standards

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.   Analysis

### A.   *Sufficiency of Pleading*

Defendants challenge the manner in which plaintiff has pleaded her claims. The Court first rejects defendants' argument that the complaint is too long and confusing to

constitute a "short and plain statement" of her claims pursuant to Fed. R. Civ. P. 8(a). Plaintiff's complaint is not excessive in length, as some amount of detail was necessary to meet the pleading standards set forth above (especially in light of defendants' somewhat contradictory argument that plaintiff did not provide sufficient detail concerning her allegations against the City). Nor does the Court find plaintiff's allegations to be confusing, with one exception. The Court agrees with defendants that the complaint, which consistently refers to "defendants" or the "officers" generally, does not make clear whether all four defendants are alleged to be liable for both constitutional violations (the use of excessive force and the failure to provide medical care) and on the wrongful death claim. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (insufficient pleading referred to defendants collectively with no distinction as to which acts were attributable to whom). Accordingly, plaintiff's complaint is subject to dismissal. Plaintiff is granted leave, however, to amend her complaint, on or before June 6, 2016, to cure this deficiency by making clear which defendants are implicated for each claim or alleged violation.

### B. *Official Capacity Claims*

Defendants next move to dismiss as redundant the claims against the officer defendants in their official capacity. As this Court has previously noted, a claim against an individual in his official capacity is treated like a claim against the entity of which the individual is an agent, and if the entity is named as a defendant as well, an official capacity claim against the individual is unnecessary and potentially confusing. *See Sims*

4

*v. Unified Government of Wyandotte County / Kansas City, Kan.*, 120 F. Supp. 2d 938, 944-45 (D. Kan. 2000) (Lungstrum, J.) (citing cases). Plaintiff has not provided any reason why separate claims against the City of Gardner and against the officers in their official capacity are necessary. Accordingly, the Court grants this portion of defendants' motion, and it dismisses the claims against the individual defendants in their official capacity.

### C. *Excessive Force Claim*

The Court next addresses plaintiff's Section 1983 claim based on her underlying claim of excessive force. In pleading her Section 1983 claim, plaintiff's complaint invokes the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Defendants note that plaintiff's excessive force claim is properly governed by the Fourth Amendment, *see, e.g.*, *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1313-14 (10th Cir. 2002), and plaintiff concedes that she does not assert this claim under the Fifth, Eighth, or Fourteenth Amendment. Accordingly, the Court dismisses plaintiff's excessive force claim to the extent based on the Fifth, Eighth, or Fourteenth Amendment.[1]

---

[1] In their motion to dismiss and supporting briefs, defendants address only plaintiff's excessive force claim. Thus, the Court interprets plaintiff's statement in her brief that she is not asserting a claim under those amendments to refer only to her excessive force claim and not to her claim of a failure to provide medical attention. If plaintiff intends to abandon the latter claim or to forego any reliance on any particular constitutional provision for that claim, she may do so by omission when she amends the complaint.

Defendants argue that they did not use excessive force against decedent in violation of the Fourth Amendment and that they are entitled to qualified immunity. To overcome the defense of qualified immunity, a plaintiff must show (1) a violation of a constitutional or statutory right and (2) that the right was clearly established when the alleged violation occurred. *See id.* at 1312. The Tenth Circuit has explained the applicable inquiry for an excessive force claim as follows:

> A police officer violates an arrestee's clearly established Fourth Amendment right to be free of excessive force during an arrest if the officer's arresting actions were not "objectively reasonable" in light of the facts and circumstances confronting him. This court assesses the reasonableness of an officer's conduct from the perspective of a reasonable officer on the scene, acknowledging that the officer may be forced to make split-second judgments in certain difficult circumstances. This reasonableness standard—which is "clearly established" for the purposes of § 1983 actions—implores the court to consider factors including the alleged crime's severity, the degree of potential threat that the suspect poses to an officer's safety and to others' safety, and the suspect's efforts to resist or evade arrest. Because the reasonableness inquiry overlaps with the qualified immunity analysis, a qualified immunity defense is of less value when raised in defense of an excessive force claim. Whether an officer acted reasonably in using deadly force is heavily fact dependent.

*See id.* at 1313-14 (internal quotations and citations omitted). Moreover, "[t]he reasonableness of Defendants' actions depends both on whether the officers were in danger at the precise moment that they used force and on whether Defendants' own reckless or deliberate conduct during the seizure unreasonably created the need to use such force." *See Sevier v. City of Lawrence, Kan.*, 60 F.3d 695, 699 (10th Cir. 1995) (footnote and citations omitted). A court thus considers "an officer's conduct prior to

6

the suspect's threat of force if the conduct is 'immediately connected' to the suspect's threat of force." *See Allen v. Muskogee, Okla.*, 119 F.3d 837, 840 (10th Cir. 1997) (citations omitted).

Plaintiff claims that the officers acted unreasonably in shooting decedent, based on allegations that decedent did not act in a threatening manner, that decedent was complying with the officers' request to produce the gun when she was shot, that the officers should have located the gun, and that the officers failed to remove decedent from the room before the shooting occurred. In seeking dismissal of this claim, defendants rely solely on video recordings taken from body cameras of four officers at the scene of the shooting (the three officer defendants and one additional officer not named to the suit). Defendants argue that the videos undisputedly refute plaintiff's allegations and show that the officers acted reasonably as matter of law in using deadly force against decedent. Specifically, defendants argue that the videos show that decedent raised and pointed the gun at an officer and that the officers shot decedent only after she did not obey their commands to drop the gun.[2]

---

[2]As a general rule, a court ruling on a motion to dismiss "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Plaintiff's complaint refers to the recordings made by the officers' body cameras, and because there are no surviving witnesses to the shooting other than the officers, it is apparent that plaintiff has based her factual allegations in part on those recordings (plaintiff concedes in her brief that her counsel viewed the recordings). Plaintiff does not dispute that a video recording may be considered by the Court in ruling on a motion to dismiss when the authenticity of the
(continued...)

The Court rejects this argument for two reasons. First, the videos do not clearly refute the allegation that decedent was producing the gun without threatening the officers when she was shot. In at least one video, when viewed frame by frame, decedent's extended arm may be seen pointed towards an officer while the officers yell at her to drop the gun. The gun itself, however, blends into the background of the bed's headboard. Thus, the manner in which decedent held the gun cannot be determined from the recordings (for instance, whether she held the gun by the handle or by the barrel), and the Court must at this stage continue to accept plaintiff's allegation that she was effectively surrendering the gun without threatening the officers. Thus, the Court cannot conclude as a matter of law that the officers' use of deadly force was justified because she threatened an officer's safety.

---

²(...continued)
recording is not disputed, but she states that the authenticity is in question here because the videos have been edited. Plaintiff does not provide any basis for that accusation, however, nor does she explain how the videos were edited. The affidavit provided by defendants states that the videos were simply downloaded and copied. Plaintiff has not provided any basis for the belief that the incident involving decedent did not occur as depicted in the four videos. Accordingly, the Court has considered the time-stamped video recordings provided by defendants. *See Jackson v. Gatto*, 2014 WL 2743130, at *3 (D. Colo. June 17, 2014) (considering videos in ruling on a motion to dismiss); *see also Scott v. Harris*, 550 U.S. 372, 379 (2007) (reversing denial of summary judgment in excessive force case where video recording clearly contradicted the story told by the plaintiff and there were no allegations or indications that the videotape was doctored or altered in any way); *Thomas v. Durastanti*, 607 F.3d 655, 659 (10th Cir. 2010) (citing *Scott* in considering a video recording in reviewing a summary judgment ruling based on qualified immunity; relying on video evidence, while acknowledging that the video did not capture everything and while continuing to view the evidence in the light most favorable to the plaintiff).

Second, as plaintiff notes, even if decedent did threaten an officer's safety, the officers could still be liable for the use of excessive force if their deliberate or reckless actions before the shooting unreasonably created the need to use force. Plaintiff argues that the officers acted unreasonably in failing to restrain or remove decedent or in failing to locate the gun before it was produced by decedent. From a review of the video recordings, it appears that the officers acted reasonably in patiently asking decedent to put clothes on and to leave the bed while asking about the location of a firearm. The videos, however, do not show decedent throughout the encounter; thus, the videos do not clearly and unequivocally refute the allegation that the officers acted recklessly prior to the shooting, such that the Court should foreclose the later consideration of evidence obtained from the officers during discovery.

Accordingly, defendants have not shown that plaintiff's excessive force claim cannot succeed as a matter of law. Because the qualified immunity analysis is closely related to that substantive inquiry, and because the officers' need to act reasonably was clearly established in the law, the Court further concludes that defendants are not entitled to prevail at this stage on the basis of qualified immunity. The Court therefore denies defendants' motion to dismiss the excessive force claim.

### D. *Municipal Liability*

Defendants move to dismiss plaintiff's Section 1983 claim against the City. Defendants first argue that the City cannot be liable without an underlying violation by an officer. Because the Court has rejected defendants' challenge to the excessive force

claim against the officers, this argument must fail.

Defendants also argue that plaintiff's allegations with respect to the City's alleged policy and its alleged failure to train are conclusory and therefore insufficient. The complaint, however, contains a number of allegations specifically directed to the City that include statements of fact, and therefore the Court concludes that plaintiff has sufficient pleaded her Section 1983 claim against the City, at least to the extent that the claim is based on an alleged use of excessive force. The complaint does not contain *any* allegations addressing a policy or a failure to train by the City relating to the officers' alleged failure to provide medical attention to decedent. Thus, it is not clear whether plaintiff intended to base her claim against the City also on that alleged violation by the officers. In her amended complaint, plaintiff should make clear whether she intends to assert such a claim against the City, and if so, she should include sufficient factual allegations to support such a claim.

### E. *Supplemental Jurisdiction*

Defendants argue that because plaintiff's federal claims are subject to dismissal, the Court should decline to exercise supplemental jurisdiction over plaintiff's state-law wrongful death claim pursuant to 28 U.S.C. § 1367. Because the Court has allowed plaintiff leave to amend to state properly cognizable claims under Section 1983, however, the Court denies this request by defendants.[3]

---

[3]In listing the bases for the motion in their motion to dismiss, defendants state that
(continued...)

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss (Doc. # 5) is hereby **granted in part and denied in part**.  The motion is granted with respect to plaintiff's claims against the officer defendants in their official capacity and with respect to any excessive force claim based on a violation of the Fifth, Eighth, or Fourteenth Amendment, and those claims are hereby dismissed.  The motion is also granted on the basis that plaintiff has not sufficiently pleaded which defendants are implicated for each claim or alleged violation, although plaintiff is granted leave to amend her complaint, on or before **June 6, 2016**, to cure that deficiency.  The motion is otherwise denied.

IT IS SO ORDERED.

Dated this 23rd day of May, 2016, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[3](...continued)
plaintiff's request for punitive damages is improper.  Defendants did not address that issue in either of its briefs in support of the motion, however.  Thus, the Court summarily denies the motion to dismiss the claim for punitive damages.

11