IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELE CHOATE, individually and          )
on behalf of the heirs and estate of      )
Deanne Choate,                            )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )        Case No. 16-2118-JWL
                                          )
CITY OF GARDNER, KANSAS;                  )
ROBERT HUFF; JUSTIN MOHNEY; and           )
JEFF BRENEMAN,                            )
                                          )
                    Defendants.           )
                                          )
_____   )

FILED IN OPEN COURT
3/6/20
TIMOTHY M. O'BRIEN, CLERK
BY _____ DEPUTY CLERK

**JURY INSTRUCTIONS**

INSTRUCTION NO. 1

The time has now come for me to explain to you the law that will govern your jury deliberations.

You are duty bound to follow the law as I explain it to you in the instructions that I am about to give you. You as jurors are the sole judges of the facts. This means that you must take the law as I explain it to you and apply the law to the facts revealed by the evidence.

Do not single out any one instruction alone as stating the law. Rather, consider my instructions in their entirety.

Also, do not concern yourselves with the wisdom of the law. Despite any opinion you may have about what the law should be, you would violate your sworn duty if you were to base your verdict upon any view of the law other than that given to you in these instructions.

INSTRUCTION NO. 2

Counsel's statements and arguments are not evidence unless they are admissions or stipulations. When the attorneys for the parties agree that a particular fact exists, that is referred to as a "stipulation", and the jury must accept that stipulation as true.

You may consider as evidence everything that was admitted during trial, such as witness testimony, an item or document marked as an exhibit, or any other matter admitted into evidence such as an admission, agreement, or stipulation. You must entirely disregard any evidence with respect to which I sustained an objection or which I ordered stricken.

You are to consider only the evidence, but you are not limited to considering only the bald statements of witnesses. In other words, you are not limited solely to what you see and hear. You are permitted to draw reasonable inferences based on your experience if reason and common sense lead you to draw particular conclusions from the evidence.

INSTRUCTION NO. 3

You may use the notes taken by you during the trial. Remember, however, that notes are not evidence. If your memory should differ from your notes or the notes of other jurors, then you should rely on your memory.

INSTRUCTION NO. 4

At times during trial I ruled on the attorneys' objections to admitting certain items into evidence. Questions relating to the admissibility of evidence are solely questions of law for me. You must not concern yourselves with the reasons for my rulings, and do not draw any inferences from my rulings. Consider only the evidence admitted.

INSTRUCTION NO. 5

Some evidence is admitted for a limited purpose only.  When I have instructed you that particular evidence is admitted for a limited purpose, you must consider that evidence only for that purpose and for no other.

INSTRUCTION NO. 6

Counsel's statements, arguments, and remarks are intended to help you understand the evidence and apply the law, but they are not evidence. You should disregard any such comment that has no basis in the evidence.

INSTRUCTION NO. 7

You must weigh and consider the evidence without favoritism for or prejudice against either party. Do not be influenced by anything not within the issues stated in my instructions. Sympathy should not affect your deliberations.

INSTRUCTION NO. 8

Defendant City of Gardner is a municipality organized under Kansas law. This should make no difference to you. You must decide this case as if it were between individuals. All persons, including corporations, municipalities, and other legal entities, stand equal before the law, and are to be dealt with as equals in a court of justice.

INSTRUCTION NO. 9

During this trial, evidence was presented to you in the form of depositions. A deposition is the sworn testimony of a witness taken before trial. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness testified in court.

INSTRUCTION NO. 10

I have not intended in anything that I have said or done – not in these instructions, in any ruling, or in any action or remark I may have made during trial – to suggest how I would resolve any of the questions entrusted to you, the jury, in this case.

INSTRUCTION NO. 11

Plaintiff Michele Choate has brought this lawsuit on behalf of the estate and heirs of her mother, Deanne Choate. Plaintiff asserts various claims arising out of the shooting of Deanne Choate on March 26, 2015.

Plaintiff asserts a claim against defendant Justin Mohney for a violation of the Fourth Amendment of the Constitution, based on the use of excessive force against Deanne Choate. Officer Mohney denies that he used excessive force.

Plaintiff asserts claims against defendant City of Gardner for violations of the Fourth Amendment based on (a) a failure to train its officers adequately concerning the use of excessive force against potentially suicidal or mentally ill persons, and (b) a failure to implement an adequate policy for dealing with such persons. Defendant City denies that it committed any such violation.

Plaintiff asserts a claim against defendant Justin Mohney under Kansas law, based on the allegation that Officer Mohney acted negligently in shooting Ms. Choate. Defendant Mohney denies that he acted negligently, and he asserts that Deanne Choate's own negligence caused the harm.

Plaintiff also asserts claims against defendants Robert Huff, Justin Mohney, and Jeff Breneman under Kansas law, based on the allegation that each defendant's course of conduct leading up to the shot being fired was patently unreasonable and caused Deanne Choate's injuries and death. These defendants deny that their conduct was patently unreasonable.

12

If plaintiff prevails on one or more of her claims, she seeks to recover damages, including punitive damages. Defendants deny that plaintiff is entitled to damages, and they dispute the amount of damages claimed by plaintiff.

INSTRUCTION NO. 12

Plaintiff asserts a claim against defendant Mohney for the use of excessive force against Deanne Choate in violation of the Fourth Amendment. To prevail on this claim, plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Officer Mohney's use of force against Ms. Choate was not reasonable.

Second, the unreasonable use of force caused harm to Ms. Choate.

The reasonableness of a particular use of force is judged from the perspective of a reasonable officer on the scene. This reasonableness inquiry is an objective one: the question is whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. Relevant factors may include, but are not limited to, the severity of the crime at issue, whether the person posed an immediate threat to the safety of officers or others, and whether the person was actively resisting or attempting to evade officers. A use of force may be justified by a reasonable belief even if the officer is mistaken in that belief.

INSTRUCTION NO. 13

If you find that Officer Mohney used excessive force against Ms. Choate, you

must determine whether defendant City of Gardner is also liable for that violation. The

City is not liable for such a violation merely because it employed the officer; rather,

plaintiff must separately establish a violation of the Fourth Amendment by the City.

Plaintiff claims that the City of Gardner violated Ms. Choate's right to be free

from excessive force under the Fourth Amendment by failing to train its officers

adequately concerning the use of excessive force against potentially suicidal or mentally

ill persons.

To prevail on this claim, plaintiff must prove each of the following elements by a

preponderance of the evidence:

First, Officer Mohney used excessive force against Ms. Choate in violation of the

Fourth Amendment, as set forth in Instruction 12.

Second, the use of force arose under circumstances – involving a potentially

suicidal or mentally ill person – that constitute a usual and recurring situation with which

police officers must deal.

Third, the City failed to train its officers adequately concerning the use of

excessive force against potentially suicidal or mentally ill persons.

Fourth, the City's failure demonstrates a deliberate indifference on the part of the

City toward potentially suicidal or mentally ill persons with whom the police officers

come into contact. The failure must represent a deliberate or conscious choice by the

City, and thus constitute a policy of the City. The need for more or different training may

15

be so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy of the City can be said to have been deliberately indifferent to the need.

Fifth, there is a direct causal link between the City's failure to train and the deprivation of Ms. Choate's constitutional rights, meaning in this case that the City's failure to train actually caused Officer Mohney's use of excessive force against Ms. Choate.

INSTRUCTION NO. 14

Plaintiff also claims that the City of Gardner violated Ms. Choate's right to be free from excessive force under the Fourth Amendment by failing to implement an adequate policy for dealing with potentially suicidal or mentally ill persons.

To prevail on this claim, plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Officer Mohney used excessive force against Ms. Choate in violation of the Fourth Amendment, as set forth in Instruction 12.

Second, the use of force arose under circumstances – involving a potentially suicidal or mentally ill person – that constitute a usual and recurring situation with which police officers must deal.

Third, the City failed to implement an adequate policy for dealing with potentially suicidal or mentally ill persons.

Fourth, the City's failure demonstrates a deliberate indifference on the part of the City toward potentially suicidal or mentally ill persons with whom the police officers come into contact. The failure must represent a deliberate or conscious choice by the City, and thus constitute a policy of the City. The need for a policy may be so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy of the City can be said to have been deliberately indifferent to the need.

Fifth, there is a direct causal link between the City's failure to implement a policy and the deprivation of Ms. Choate's constitutional rights, meaning in this case that the

City's failure to implement a policy actually caused Officer Mohney's use of excessive force against Ms. Choate.

INSTRUCTION NO. 15

If you find in favor of plaintiff on a claim under the Fourth Amendment, you must determine the amount of damages to be awarded. With respect to these claims under the Fourth Amendment, plaintiff, on behalf of Deanne Choate's estate, may recover only for damages suffered by Ms. Choate herself as a result of the violation. Thus, plaintiff may recover damages only for Ms. Choate's pain and suffering experienced prior to her death, if any.

In awarding such damages, you must determine the amount that you believe will fairly and justly compensate plaintiff for that injury suffered by Deanne Choate. Damages may not be based on speculation or sympathy, but must be based on the evidence presented. Plaintiff has the burden to prove her claim for damages by a preponderance of the evidence.

If you find a violation of the Fourth Amendment but find that plaintiff has failed to prove actual damages resulting from that violation in accordance with this instruction, then you should award nominal damages in the amount of one dollar.

INSTRUCTION NO. 16

If you find in favor of plaintiff on her claim under the Fourth Amendment against defendant Mohney, you must also determine whether punitive damages should be awarded against that defendant. Punitive damages are permitted in certain circumstances to punish a defendant and to deter others from like conduct.

To recover punitive damages against Officer Mohney for a violation of the Fourth Amendment, plaintiff must prove by a preponderance of the evidence that Officer Mohney's conduct in using excessive force against Ms. Choate was motivated by evil motive or intent, or involved reckless or callous indifference to her constitutional rights. If you find that plaintiff has proved such conduct by Officer Mohney, you may in your discretion award punitive damages.

INSTRUCTION NO. 17

Plaintiff asserts a claim against defendant Justin Mohney under Kansas law, based on the allegation that his negligence in shooting Deanne Choate caused her injuries and death. Officer Mohney denies that he was negligent and claims that Ms. Choate's own negligence caused her harm.

You must decide this claim by comparing the fault of the parties. In doing so, you will need to know the meaning of the terms "negligence" and "fault".

Negligence is the lack of reasonable care. It is the failure of a person to do something that a reasonable person would do, or it is doing something that a reasonable person would not do, under the same circumstances.

A party is at fault when he or she is negligent and that negligence caused or contributed to the event which brought about the claims for damages.

I am required to reduce the amount of damages you may find for plaintiff by the percentage of fault, if any, that you find is attributable to Deanne Choate, the decedent. Plaintiff may recover damages only if Ms. Choate's fault is less than 50 percent of the total fault assigned. Plaintiff may not recover damages if Ms. Choate's fault is 50 percent or more.

Plaintiff has the burden to prove Officer Mohney's fault by a preponderance of the evidence. Defendant Mohney has the burden to prove Ms. Choate's fault by a preponderance of the evidence.

The percentage of fault of a person is not determined merely by the number of negligent acts that person committed. You must decide whether one person's negligence

21

contributed more to the event that brought about damages than any negligence committed by another person.

INSTRUCTION NO. 18

Under Kansas law, a person is justified in the use of force against another when and to the extent that it appears to that person, and such person reasonably believes, that such use of force is necessary to defend such person or a third person against the other's imminent use of unlawful force. Such force may include deadly force if the person reasonably believes that such force is necessary to prevent imminent death or great bodily harm. Retreat is not required if such force is being used to defend.

This law would apply to plaintiff's claim against defendant Mohney under Kansas law. Defendant Mohney bears the burden of establishing by a preponderance of the evidence that his use of force was justified as necessary to defend himself or others.

INSTRUCTION NO. 19

Plaintiff also asserts claims under Kansas law against defendants Huff, Mohney, and Breneman, based on the allegations that their conduct while in Ms. Choate's bedroom prior to the shooting was patently unreasonable and thus was wanton, and that such conduct caused Ms. Choate's injuries and death. To prevail on that claim with respect to a particular defendant, plaintiff must prove each of the following elements with respect to that defendant by a preponderance of the evidence:

First, the defendant's conduct was wanton. A "wanton" act is an act performed with a realization of the imminence of danger and a reckless disregard or complete indifference to the probable consequences of the act.

Second, the defendant's wanton conduct caused or contributed to Ms. Choate's injuries and death.

As noted, this claim by plaintiff may be based only on conduct by these defendants in Ms. Choate's bedroom prior to her shooting. Events occurring before that conduct, however, may be relevant to your determination whether conduct in the bedroom was wanton.

With respect to this claim, each defendant is entitled to your separate and individual consideration of his own liability without regard to your decision as to any other defendant. If plaintiff proves that one defendant is liable on this claim, that does not necessarily mean that another defendant is also liable. Each element applicable to this claim must be established with respect to a particular defendant in order for you to return a verdict against that defendant.

24

INSTRUCTION NO. 20

If you find in favor of plaintiff on either of her claims under Kansas law, you must determine the amount of damages to be awarded to plaintiff, on behalf of Ms. Choate's heirs, for those claims. In doing so, you should allow the amount of money that will reasonably compensate Ms. Choate's heirs for the loss caused by defendants for the death of Ms. Choate. There are two types of damages you may award: economic and non-economic.

Economic damages in this case include the loss of parental care, training, guidance, education, or protection. You should allow an amount that you believe would be equivalent to the benefit Ms. Choate's heirs could reasonably have expected to receive from her continued life.

Non-economic damages include:

1.    Mental anguish, suffering, or bereavement.

2.    Loss of society, loss of comfort, or loss of companionship.

For non-economic damages there is no unit value and no mathematical formula the Court can provide. You should allow an amount that you find to be fair and just under all the facts and circumstances.

INSTRUCTION NO. 21

With respect to the claims under Kansas law, plaintiff, on behalf of Deanne Choate's estate, also seeks damages for Ms. Choate's conscious pain and suffering prior to her death caused by any wrongful act of a defendant.  In determining such non-economic damages, you must allow the amount of money that will reasonably compensate for Ms. Choate's conscious pain, suffering, disabilities, disfigurement, and any accompanying mental anguish suffered as a result of her injuries before death.

When determining the amount of these damages, you must consider Ms. Choate's age, condition of health before and after the occurrence in question, and the nature, extent and duration of her injuries.  There is no unit value and no mathematical formula the Court can give you for determining items such as pain, suffering, disability, and mental anguish.

INSTRUCTION NO. 22

If you find that plaintiff has prevailed against a defendant on a claim under Kansas law and you have awarded damages against that defendant, you must determine whether punitive damages should also be allowed against that defendant. Punitive damages may be allowed in the jury's discretion to punish a defendant and to deter others from like conduct.

To recover punitive damages against an individual defendant, plaintiff must prove by clear and convincing evidence that the defendant acted in a wanton manner toward Deanne Choate. A "wanton" act is an act performed with a realization of the imminence of danger and a reckless disregard or complete indifference to the probable consequences of the act. Evidence is clear and convincing if it shows that the truth of the fact asserted is highly probable.

If you decide to award punitive damages against an individual defendant in this case, then in assessing the amount of such damages, you may consider factors including the following:

(1)    the likelihood at the time of the alleged misconduct that serious harm would arise from the defendant's misconduct;

(2)    the degree of the defendant's awareness of that likelihood;

(3)    the profitability of the defendant's misconduct;

(4)    the duration of the misconduct and any intentional concealment of it;

(5)    the attitude and conduct of the defendant upon discovery of the misconduct;

27

(6)    the financial condition of the defendant; and

(7)    the total deterrent effect of other damages and punishment imposed

upon the defendant as a result of the misconduct.

INSTRUCTION NO. 23

You should not consider the fact that I have instructed you about the proper measure of damages as an indication of my views regarding whether any party is entitled to your verdict in this case. I am giving you instructions about damages solely to provide you with guidance if you should find in favor of plaintiff on her claim for damages.

INSTRUCTION NO. 24

You are to determine the weight and credit to give each witness's testimony. You have a right to use common knowledge and experience in evaluating witnesses' testimony.

INSTRUCTION NO. 25

A witness's credibility may be attacked by evidence that on some former occasion he or she made a statement, acted in a manner, or gave deposition testimony that was inconsistent with his or her testimony in this case.

You may consider such evidence only insofar as it may impact the witness's credibility – that is, only in deciding the weight and credit to be given to that witness's testimony.

INSTRUCTION NO. 26

Certain testimony has been given in this case by experts – that is, by persons who are specially qualified by experience or training and possess knowledge on matters not common to humankind in general.  The law permits such persons to give their opinions regarding such matters, although you are not required to accept such opinions.  The testimony of experts is to be considered like any other testimony and is to be tried by the same tests, and should receive such weight and credit as you deem it entitled to, when viewed in connection with all the other facts and circumstances, and its weight and value are questions for you.

INSTRUCTION NO. 27

Burden of proof means burden of persuasion.

Plaintiff has the burden of proof with respect to her claims.  Plaintiff must prove
her claims for damages by a preponderance of the evidence.  This means that, in order to
prevail on a claim, plaintiff must persuade you that the claim is more probably true than
not true.

Defendant Mohney has the burden of proof with respect to his contention that
Deanne Choate's own negligence caused the harm to her.  Officer Mohney must prove
that Ms. Choate was negligent by a preponderance of the evidence.  Defendant Mohney
also bears the burden to prove by a preponderance of the evidence, in support of his
defense to the negligence claim under Kansas law, that his use of force was necessary to
defend himself or others.

Plaintiff must prove her claim for punitive damages under Kansas law by clear and
convincing evidence, which means that the evidence shows that the truth of the fact
asserted is highly probable.

In determining whether a party has met his or her burden of proof, consider all the
evidence, whether produced by either side.  The weight of the evidence on any issue is
not determined by the number of witnesses, but rather by how reasonable, persuasive, and
satisfying the evidence is to you.

INSTRUCTION NO. 28

There are two types of evidence.  One is direct evidence, such as the testimony of someone who claims to have seen or heard an event.  The other is circumstantial evidence, such as evidence from which you can reasonably draw inferences about whether an event did or did not occur.

The law does not distinguish between direct and circumstantial evidence, but rather simply requires the jury to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

INSTRUCTION NO. 29

You are the exclusive judges of the facts proved, the weight of the evidence, and the credibility of the witnesses. In determining the issues in this case you will, of course, rely upon the evidence you heard in the courtroom and will not be swayed by sympathy, passion, or prejudice. You may and should, however, rely on the general information you possess as to matters of common knowledge, observation, and life experience. In weighing the testimony of witnesses, you may consider their appearance, demeanor, means of knowledge, apparent intelligence or ignorance, whether or not they have an interest in the outcome of the case, and all other facts and circumstances evident at trial that will help you determine the truth.

If you believe that any witness testified falsely about any material fact, you may disregard all or any part of his or her testimony, but you are not required to believe or disbelieve the testimony of any witness. You should reconcile any conflicting testimony as truthful if reasonably possible, but if doing so is not possible then use your best judgment in determining what testimony to believe.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. You should keep in mind that making an innocent mistake in memory – like being unable to remember – is not uncommon.

INSTRUCTION NO. 30

Your verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree upon the verdict and your verdict must be unanimous.

If you do not reach a verdict, the parties may be put to the expense of another trial and will once again have to endure the mental and emotional strain of a trial. If the case is retried, a future jury must be selected in the same manner and from the same source as you have been chosen, and there is no reason to believe that the case would ever be submitted to a more competent jury. There is no reason to believe that there will be more or clearer evidence produced at a future trial.

As jurors you have a duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after considering the evidence impartially with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if you become convinced that it is wrong. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges – judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

INSTRUCTION NO. 31

In considering the evidence in this case, you should use your good sense, consider the evidence only for those purposes for which it was admitted, and give the evidence a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

You are to perform your duty without bias as to any party or person. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.

INSTRUCTION NO. 32

When you retire to the jury room, you should first select one of you as the foreperson to preside over your deliberations, speak for the jury when in court, and sign the verdict.

Your verdict must be founded entirely upon the evidence admitted and the law that I have given to you in these instructions.

Your verdict must be unanimous. Once you reach a unanimous verdict, the foreperson should fill in, date, and sign the verdict form. The foreperson should then notify the bailiff, and your deliberations will be complete. The foreperson will carry the completed verdict into the courtroom and, after we have returned to the courtroom, hand it to the clerk when instructed to do so.

INSTRUCTION NO. 33

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry, or computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website or app such as Facebook, MySpace, LinkedIn, YouTube, Instagram, or Twitter, to communicate to anyone (or the public at large) any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. You must inform the Court immediately if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom; if you were so influenced, your decision might be based on information known only by you and not your fellow jurors or the parties in the case, and that would unfairly and adversely impact the judicial process.

INSTRUCTION NO. 34

If it becomes necessary during your deliberations to communicate with me, please do so by giving a note to the bailiff who, in turn, will pass the note along to me. The note must be signed by your foreperson or by one or more of you. None of you should ever attempt to communicate with me about the merits of the case in any way other than by a signed writing. I will not communicate with any of you on any subject involving the merits of the case other than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they and all other persons are forbidden from communicating with any of you about any subject involving the merits of the case.

Bear in mind also that you are never to reveal to any person how the jury stands numerically or otherwise on the questions before you until after you have reached a unanimous verdict.


6 March 2020
Date


John W. Lungstrum
United States District Judge


40