IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELE CHOATE, individually and )
on behalf of the heirs and estate of )
Deanne Choate, )
 )
         Plaintiff, )
 )
v. ) Case No. 16-2118-JWL
 )
CITY OF GARDNER, KANSAS; )
ROBERT HUFF; JUSTIN MOHNEY; and )
JEFF BRENEMAN, )
 )
         Defendants. )
 )
 )

FILED IN OPEN COURT
3/6/20
TIMOTHY M. O'BRIEN, CLERK
BY DEPUTY CLERK

## VERDICT FORM

We the jury, impaneled and sworn in the above-entitled case, upon our oaths, do make the following unanimous answers to the questions propounded by the Court:

1. Did plaintiff prove, by a preponderance of the evidence, her claim that defendant Justin Mohney used excessive force against Deanne Choate in violation of the Fourth Amendment, as set forth in Instruction 12?

    Yes _____       No __X__

*If your answer to Question 1 is YES, please continue with Question 2; if the answer is NO, please skip to Question 7.*

2. Did plaintiff prove, by a preponderance of the evidence, her claim that defendant City of Gardner violated the Fourth Amendment by failing to train its officers adequately concerning the use of excessive force against potentially suicidal or mentally ill persons, as set forth in Instruction 13?

    Yes _____          No _____

3. Did plaintiff prove, by a preponderance of the evidence, her claim that defendant City of Gardner violated the Fourth Amendment by failing to implement an adequate policy for dealing with potentially suicidal or mentally ill persons, as set forth in Instruction 14?

    Yes _____          No _____

4. State the amount of damages that plaintiff proved, by a preponderance of the evidence, for pain and suffering experienced by Ms. Choate prior to her death, as set forth in Instruction 15.

    $ _____

5. Did plaintiff prove, by a preponderance of the evidence, that she should be awarded punitive damages against defendant Mohney for a violation of the Fourth Amendment, as set forth in Instruction 16?

    Yes _____          No _____

*If your answer to Question 5 is YES, please continue to Question 6; otherwise, please skip to Question 7.*

6. Please state the amount of punitive damages that you award against defendant Mohney for a violation of the Fourth Amendment, as set forth in Instruction 16.

$ _____

7. With respect to plaintiff's claim under Kansas law that defendant Justin Mohney was negligent in shooting Deanne Choate: Please assign a percentage of fault to each person that you find to be at fault, as set forth in Instructions 17 and 18. If you find that a particular individual is not at fault, please assign a percentage of zero percent. If you find any person to be at fault, the percentages must total 100 percent.

   Justin Mohney        _10_ %

   Deanne Choate        _90_ %

8. Did plaintiff prove, by a preponderance of the evidence, her claim of wanton conduct in the bedroom prior to the shooting by any of the following defendants, as set forth in Instruction 19?

   Robert Huff       Yes _X_        No ____

   Justin Mohney     Yes ____       No _X_

   Jeff Breneman     Yes ____       No _X_

*If you have answered Question 7 by assigning more than 50 percent of fault to defendant Mohney or if you have answered YES to Question 8 with respect to any defendant, then continue to Question 9; otherwise, please sign and date the form below, and your deliberations are complete.*

3

9. State the amount of damages that plaintiff proved, by a preponderance of the evidence, for Ms. Choate's heirs for the loss of Ms. Choate's life, as set forth in Instruction 20.

      Economic:      $ __25,000__

      Non-economic:      $ __0__

10. State the amount of damages that plaintiff proved, by a preponderance of the evidence, for Ms. Choate's conscious pain and suffering prior to her death, as set forth in Instruction 21.

      $ __25,000__

*If you have awarded any damages in answering Question 9 or Question 10, please continue to Question 11; otherwise, please sign and date the form below, and your deliberations are complete.*

11. Did plaintiff prove, by clear and convincing evidence, that she should be awarded punitive damages against any of the following defendants, as set forth in Instruction 22? Please answer for defendant Mohney only if you have assigned more than 50 percent of fault to him in your answer to Question 7 or of your answer for him in Question 8 is YES; please answer for defendant Huff or defendant Breneman if your answer for that defendant in Question 8 is YES.

| | | |
|---|---|---|
| Robert Huff | Yes _____ | No __X__ |
| Justin Mohney | Yes _____ | No _____ |
| Jeff Breneman | Yes _____ | No _____ |

*If your answer to Question 11 is YES for any defendant, please continue to Question 12; otherwise, please sign and date the form below, and your deliberations are complete.*

4

12. For any defendant for whom your answer to Question 11 is YES, please state the amount of punitive damages that plaintiff proved, by clear and convincing evidence, as set forth in Instruction 22.

   Robert Huff           $ _____

   Justin Mohney         $ _____

   Jeff Breneman         $ _____


*Your deliberations are complete. Please have the foreperson sign and date this verdict form and notify the Court that you have reached a verdict.*


__3/6/2020__
Date

__███████████████__
Fo[reperson]

5