# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHELE CHOATE, individually and
as heir to DEANNE CHOATE, and as
Administrator of and on behalf of the
Estate of DEANNE CHOATE, and on
behalf of all heirs of DEANNE CHOATE,
                Plaintiff,

v.                                              Case No.  2:16-cv-02118-JWL-GEB

CITY OF GARDNER, KANSAS,
ROBERT HUFF, JUSTIN MOHNEY,
and JEFF BRENEMAN,
                Defendants.

## Memorandum and Order

This matter comes before the Court upon the parties' joint motion for vacatur of the court's Judgment, entered March 6, 2020, and Amended Judgment Nunc Pro Tunc, entered March 9, 2020. Plaintiff appears by and through her attorney of record, Jennifer J. Price. Defendants appear by and through their attorney of record, David R. Cooper.

The Complaint in this matter was filed February 25, 2016 (Doc. # 1). On May 23, 2016, the Court entered a Memorandum and Order (Doc. # 18), granting in part and denying in part the defendants' motion to dismiss (Doc. #5).[1] An Amended Complaint was filed June 2, 2016 (Doc. # 21). The Pretrial Order was entered March 28, 2018 (Doc. # 163), superseding the pleadings.

---

[1] "The motion is granted with respect to plaintiff's claims against the officer defendants in their official capacity and with respect to any excessive force claim based on a violation of the Fifth, Eighth, or Fourteenth Amendment, and those claims are hereby dismissed. The motion is also granted on the basis that plaintiff has not sufficiently pleaded which defendants are implicated for each claim or alleged violation, although plaintiff is granted leave to amend her complaint, on or before June 6, 2016, to cure that deficiency. The motion is otherwise denied." Doc. # 18, p. 11.

On July 12, 2018, the Court entered a Memorandum and Order (Doc. # 177) granting in part and denying in part the defendants' motion for summary judgment (Doc. # 164).[2] Defendants Huff, Mohney and Breneman filed an interlocutory appeal to the Tenth Circuit Court of Appeals, which entered an Order dismissing in part and reversing in part this Court's Order.[3]

The case proceeded to a jury trial held March 2 through 6, 2020. On March 6, 2020, the jury returned a verdict for defendants City of Gardner, Mohney and Breneman, and against defendant Huff in the amount of $25,000.00 for economic damages and $25.000.00 for pain and suffering for a total of $50.000.00 (Doc. # 249). Judgment was entered on the verdict on March 6, 2020 (Doc. # 245), and an Amended Judgment Nunc Pro Tunc was entered March 9, 2020 (Doc. # 250).

Following the trial and entry of judgment herein and before the expiration of the time for appeal or post-judgment motions, the parties reached a settlement, which has been approved by the Court, whereby plaintiff agreed to accept payment of the $50,000.00 and all parties agreed to forgo post-trial motions and appeals. The parties further agreed to the instant motion to vacate the judgment and dismissal of all claims with prejudice. Pursuant to that agreement, all parties refrained from filing post-judgment motions or appealing from the Judgment entered by the Court. Distribution of the settlement proceeds has been approved by the Court (Doc. # 255), and the motion for vacatur is before the Court.

---

[2] "The motion is granted with respect to plaintiff's claim against defendant City based on a failure to provide medical training and plaintiff's claim against the City for punitive damages. The motion is otherwise denied." Doc. # 177, pp. 15-16.

[3] "We REVERSE the district court's denial of qualified immunity as to Officer Breneman and REMAND with instructions for the district court to enter judgment in favor of Officer Breneman on Plaintiff's claim of excessive force. The remainder of this appeal is DISMISSED for lack of interlocutory jurisdiction." Mandate, Doc. # 187, filed Aug. 23, 2019, p. 8.

{T0466555}

Fed.R.Civ.P. 60(b)(6) authorizes relief from a final judgment for "any other reason that justifies relief." *See id*. The principles enunciated in *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994), govern a motion for vacatur. There, the Supreme Court stated exceptional circumstances could support vacatur of a judgment upon settlement by the parties. *Id*. at 29.

The mere fact of settlement is not a sufficient justification by itself, *see id*., but courts in this district have found exceptional circumstances when granting a motion for vacatur where the court finds both parties desired the settlement, that public interest would not suffer detriment by the resulting loss of precedent, that settlement would be in the best interest of both parties, and that the benefits of vacatur outweighed any harm the judicial system might suffer from losing legal precedent. *United Nat'l Ins. Co. v. Airosol Company, Inc.*, No. 99–1236–JTM, 2001 WL 34664157, at *1 (D.Kan. Feb. 21, 2001) (citing *Major League Baseball Properties, Inc. v. Pacific Trading Cards, Inc.*, 150 F.3d 149, 151 (2d Cir. 1998)) (finding both parties desired settlement, settlement would be in the best interest of both parties, and the public interest would not suffer detriment by the resulting loss of precedent); and *HR Tech., Inc. v. Imura Int'l U.S.A., Inc.*, No. 08-2220-JWL, 2014 WL 524661, at *1 (D. Kan. Feb. 10, 2014) (finding a settlement would serve the interests of both parties and judicial efficiency in avoiding further protracted and costly litigation).

The Court concludes that exceptional circumstances warrant vacatur of the judgment as requested in this case. Here, all parties desire settlement and joined in the instant motion for vacatur. The Court's legal analysis in its Memoranda and Orders will retain any persuasive force whether accompanied by a judgment or not. *See Choate v. City of Gardner, Kansas*, No. 16-2118-JWL, 2016 WL 2958464 (D. Kan. May 23, 2016); *Choate v. City of Gardner, Kansas*, No. 16-

3

2118-JWL, 2018 WL 3389871 (D. Kan. July 12, 2018); *Choate v. Huff*, 773 Fed. App'x 484 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 935 (2020); *Choate v. City of Gardner, Kansas*, No. 16-2118-JWL, 2020 WL 774097 (D. Kan. Feb. 18, 2020). Settlement and avoiding further protracted and costly litigation through appeal is in the best interest of all parties, and the benefits of vacatur are outweighed by any harm the judicial system might suffer from losing legal precedent. Further, the public interest would be served by encouraging future dispute resolution where parties forgo additional litigation and appeals. Accordingly, the Court grants the motion.

IT IS THEREFORE ORDERED BY THE COURT THAT the parties' joint motion for vacatur (Doc. # 251) is granted. The Judgment, entered March 6, 2020 (Doc. # 245), and the Amended Judgment Nunc Pro Tunc, filed March 9, 2020 (Doc. # 250), are hereby vacated. This matter is hereby dismissed with prejudice.

IT IS SO ORDERED.

Dated this 16th day of April, 2020 in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

Approved:

/s/Jennifer J. Price
Jennifer J. Price #20088
SHAFFER LOMBARDO SHURIN
2001 Wyandotte Street
Kansas City, Missouri 64108
816-931-0500
rlombardo@sls-law.com
jprice@sls-law.com
ATTORNEYS FOR PLAINTIFF

s/David R. Cooper
David R. Cooper, #16690
FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 SW 5th Street
Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fisherpatterson.com
Attorneys for Defendants City of Gardner, KS,
Robert Huff, Justin Mohney & Jeff Breneman